UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11626-RWZ

PRECIOUS OKEREKE

v.

BOSTON POLICE HACKNEY DIVISION, et al.

ORDER: PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (No. 10)

December 10, 2012

ZOBEL, D.J.

By Memorandum and Order dated September 19, 2012, plaintiff's complaint was dismissed.  See Docket No. 8.  Because of her history of groundless litigation,[1] plaintiff

---

[1] The Court has taken the opportunity to review the numerous cases in which Okereke was a plaintiff in other district courts.  See Okereke v. Judge Raymond Brassard, C.A. No. 11-02781-LAB-WMC (S.D.Calif. 2012) (dismissed for failure to state a claim, Feb. 14, 2012); Okereke v. U.S. Magistrate Judge Sherrill, et al., C.A. No. 10-371-VLB (D. Conn. 2010) (dismissed for lack of personal jurisdiction and improper venue, Apr. 14, 2010); Okereke v. State of New Hampshire, C.A. No. 04-358-RH-WCS (N.D. Fla. 2004) (dismissed for failure to state a claim, Oct. 26, 2004); Okereke v. Mass. College of Pharmacy & Allied Health Sciences, C.A. No. 02-3460-CAM (N.D. Georgia 2002) (granting defendant's motion to dismiss, Aug. 20, 2003); Okereke v. Massachusetts Police Commissioner, C.A. No. 04-74050-JAC-PJK (E.D. Mich. Apr. 29, 2005) (dismissing for failure to respond to show cause order, Apr. 29, 2005), denying 2008 motion to reopen, Jun. 5, 2008; Okereke v. Massachusetts' Registry of Motor Vehicles, No. 08-356-NAM-GHL (N.D.N.Y. 2005) (order transferring to District of Massachusetts, Apr. 10, 2008); Okereke, et al. v. Arbella Mutual Insurance Company, et al., C.A. No. 05-946-FLW-AMD (D. N.J. 2005) (denying IFP Order and recognizing improper venue, Feb. 22, 2005); Okereke, et al. v. University of Massachusetts, 05-23 (W.D. Oak, 2005) 05-1760-C (order dismissing as frivolous Feb. 23, 2005); Okereke v. Stermbridge, No. 08-2127-KMW (S.D.N.Y 2008) (dismissing, Mar. 3, 2008; see also 07/25/08 Order warning Okereke that she could be enjoined from filing further actions absent permission from a district judge, and/or that she could be subject to monetary sanctions should she make any additional frivolous and/or unreasonable submissions (Docket No.8)); Okereke v. Moye, No. 05-526 (E.D. Va. 2005) (order dismissing as frivolous, May 18, 2005); Okereke v. Massachusetts' College of Pharmacy & Allied

was enjoined from filing any additional or new claims, cases, complaints, or other documents in this Court, in any manner, way or form, without first obtaining the written approval of a judge of this Court. Id.  The Court's Order did not preclude plaintiff from filing a timely notice of appeal and/or papers solely in furtherance of such an appeal.  Id.  However, the Court certified that any appeal would not taken in good faith and advised plaintiff that should she seek to appeal, she must pay the appellate filing fee or she must seek leave to proceed in forma pauperis in the United States Court of Appeals for the First Circuit.  Id.

Plaintiff has not filed a notice of appeal and has chosen to file a motion for relief from judgment pursuant to Rule 60(b)(4)(6).  See Docket No. 10.  Federal Rule of Civil Procedure 60(b) provides a mechanism for setting aside a judgment in certain circumstances.  Rule 60(b) is considered a "vehicle for extraordinary relief," and motions attempting to utilize such a tool should be allowed only under "exceptional circumstances."  Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d. 58, 64 (1st Cir. 2001).

---

Health Sciences, D. Vt. No. 2008-142-jgm (order dismissing as frivolous, Jul. 31, 2008); Azubuko, et al. v. Skerritt, No. 202-23 (D. Conn. 2010) (dismissing pursuant to 28 U.S.C. § 1915(e)(2), Apr. 29, 2010); Azubuko, et al. v. Urban Edge Property Management, No. 04-481-RH-WCS (N.D. Fla. 2005) (transferred to the District of Massachusetts, Jan. 5, 2005); Azubuko, et al. v. Judge Haggerty, No. 11-23332 (S.D. Fla. 2011) (dismissing for lack of subject matter jurisdiction, Sept. 19, 2011);  Azubuko, et al. v. Dedham Massachusets Police Commissioner, No. 06-152-JAW (D. Maine 2006) (dismissing as frivolous and for failing to state a claim pursuant, Dec. 28, 2006); Azubuko, et al. v. Massachusetts Board of Bar Overseers, No. 05-969-FSH-PS (D. N.J. 2005) (dismissing as frivolous, Feb. 23, 2005); Azubuko, et al. v. State of New Hampshire, No. 05-176-C (W.D. Oak. 2005) (dismissing as frivolous, Feb. 23, 2005); and Azubuko, et al. v. Metropolitan Boston Housing Partnership, No. 05-2012-R (N.D. Tex. 2005) (transferred to the District of Massachusetts, Oct. 19, 2005).

As an initial matter, the Court notes that plaintiff's motion does not comply with this Court's September 19th Memorandum and Order. The September 19th Order stated that if plaintiff undertakes to file any additional papers in this Court, she must:

> file a written petition seeking leave of court to do so. The petition must contain a copy of [the September 19, 2012 Memorandum and Order] together with the papers sought to be filed, and a certification under oath that there is a good faith basis for their filing. The Clerk of Court shall accept the documents, mark them received, and forward them to the Miscellaneous Business Docket Judge for action on the petition.

See Docket No. 8.

As to the substance of the motion, contrary to plaintiff's arguments, she is not entitled to pursue this action either in the District of Massachusetts or the Southern District of Florida. Thus, plaintiff's motion for relief from judgment is DENIED. Plaintiff is reminded that she is expected to comply with the filing restrictions contained in this Court's September 19, 2012 Memorandum and Order.

SO ORDERED.

    /s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE